COMPILER OF LAWS/
Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

SMALL CLAIMS DIVISION

FILED
SUPERIOR COURT
OF GUAM

2012 JUN 18 AM 8: 27

ANTONIO Q. CRUZ,                                )        SMALL CLAIMS CASE NO. SD0999-10
                                                )
                    Plaintiff,                  )
                                                )
                                                )        ORDER
        vs.                                     )
                                                )
                                                )
                                                )
POLITO N. AGUON, SYLVAN P. OGO                  )
And STEVEN OGO                                  )
                                                )
                    Defendants.                 )
                                                )

## INTRODUCTION

The matter before the Court came on Plaintiff's Antonio Q. Cruz ("Cruz") claim for damages resulting from an auto-accident occurring on August 21, 2010. A trial on Cruz' claim against Defendant Sylvan Ogo ("Sylvan") took place on September 9, 2011 before the Honorable Benjamin C. Sison, Jr. who took the matter under advisement. Attorney Joaquin C. Arriola Jr, Esq. appeared on behalf of Plaintiff while Cruz appeared *pro se*. Having reviewed the evidence presented and the applicable law, the Court now issues its Decision and Order with respect to Sylvan.

## BACKGROUND

The case before the Court involves a claim for damages resulting from an auto-accident occurring on August 21, 2010 in Dededo, Guam. Cruz asserts that the cause of the accident was negligence on the part of the driver, Polito Aguon ("Aguon"), who was driving a 1997 Hyundai Tiburon (the "Vehicle") which was registered in the records of the Guam Department of Revenue and Taxation to Sylvan at the time of the accident. Plaintiff, filed this action against Aguon, Sylvan and another individual named Steven Ogo. Plaintiff however was successful in serving Sylvan and Steven Ogo but not Aguon in this action. Because Steven Ogo was neither

involved in the accident nor an owner of the Vehicle, he was dismissed from this matter. Sylvan provided as evidence at trial, a Bill of Sale to the Court indicating that Sylvan sold the Vehicle to Aguon on August 1, 2009. In addition, Sylvan testified in Court that he endorsed the certificate of ownership of the Vehicle to Aguon. However, because the Vehicle remained officially registered to Sylvan with the Guam Department of Revenue and Taxation at the time of the accident, Plaintiff asserts Sylvan remains liable for damages under Guam's Imputed Negligence Statute Title 16 §17101. We disagree.

## DISCUSSION

Plaintiff's claim against Defendant is based entirely on 16 GCA §1701(a), which provides as follows:

**§ 17101. Liability of Private Owners.**

(a) Responsibility of owners for negligent operation by person using motor vehicle with permission: imputation of negligence. Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

Plaintiff alleges that because record title to the Vehicle remained with Sylvan at the time of the accident, any negligence of the operator must be imputed to the Defendant as the "Owner" of the vehicle 16 GCA §1701(a). This issue has been directly addressed by the Ninth Circuit Court of Appeals in the case of Look vs. Mobley, 323 F.2d 214 (1963). In Look, damages were sought against the Sellers of a vehicle involved in an accident. The vehicle involved in the accident was sold by an owner of the vehicle to a buyer who in turn sold the same vehicle to the operator of the vehicle involved in the accident. The original seller endorsed the certificate of ownership to the second seller who subsequently resold the vehicle to the negligent motorist involved in the accident. The subsequent seller endorsed the title to the motorist without adding his own endorsement. Neither the original or subsequent seller reported the transfers to the Guam

Department of Finance (nka Guam Department of Revenue and Taxation). The Ninth Circuit held that in such circumstances, neither the original or subsequent seller was deemed an "owner" liable under Guam's Imputed Negligence Statute.

## CONCLUSION

Based upon the foregoing, the Court hereby dismisses this case against Defendant Sylvan Ogo, with prejudice.

**SO ORDERED this** _____ **day of** _____ Jun 18 2012 _____,

Original Signed By:
Honorable Benjamin C. Sison Jr.
Traffic/Small Claims Referee

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 18 2012

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam